October 30, 2023



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 25920
Overland Park, KS 66225



HAROUTIOUN SAHAC BASTAJIAN
c/o HAROUTIOUN BASTAJIAN
5 MILLRACE CT
DEARBORN, MI 48126

MSC2290648569

RE: HAROUTIOUN SAHAC BASTAJIAN
I-485, Application to Register Permanent Residence or Adjust Status



A240-937-942

## DECISION

This notice refers to your Form I-485, Application to Register Permanent Residence or Adjust Status filed on July 11, 2022, in accordance with Section 245 of the Immigration and Nationality Act (Section 245 of the INA).

You must establish that you satisfied each adjudicative element to establish eligibility for the requested benefit. If there are any issues for which you do not overcome, then each issue forms a separate basis for the denial. In this case, the following issues independently form the basis for this denial and will be discussed in this notice:

Statute and regulations restrict the eligibility of certain aliens to apply for adjustment of status. See INA 245(a) and (c) and Title 8, Code of Federal Regulations (CFR) Part 245.1(c).

INA 245(a) states:

> The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if:
>
> (1) the alien makes an application for such adjustment,
>
> (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and
>
> (3) an immigrant visa is immediately available to him at the time his application is filed.

8 CFR 245.1(c) states, in pertinent part:

> Ineligible Aliens . . .



(4) Any alien who claims . . . preference status under section . . . 203(b) of the Act, unless the applicant is the beneficiary of a valid unexpired visa petition filed in accordance with Part 204 of this chapter.

The record of proceeding shows that USCIS has denied the Form I-140, Immigrant Petition for Alien Worker that was filed on your behalf with the present Form I-485 adjustment application. Therefore, you are ineligible to adjust your status, as you are not the beneficiary of a valid unexpired visa petition.

In *Matter of Tanahan* 18 I&N Dec. 339 (Reg. Comm. 1981), it was found that an applicant for adjustment of status under INA 245 who meets the objective prerequisites is merely eligible to apply for adjustment of status. An applicant is in no way entitled to adjustment. When an alien seeks the favorable exercise of USCIS discretion, it is incumbent on that person to establish that he or she merits adjustment.

After a review of the application and all of the supporting evidence, it is the decision of U.S. Citizenship and Immigration Services (USCIS) to deny Form I-485.

Since this Form I-485 has been denied, the condition upon which your Employment Authorization document and/or Advance Parole document was based, no longer exists. Therefore, USCIS has determined that any pending Application for Employment Authorization, Form I-765, and/or Application for Travel Document, Form I-131, related to the Form I-485 are also denied.

Any unexpired Employment Authorization document based upon this Form I-485 is revoked as of 18 days from the date of this notice pursuant to 8 CFR 274a.14(b)(2), unless you submit, within 18 days, proof that your Form I-485 remains pending. The decision shall be final and no appeal shall lie from the decision to revoke the authorization. Any unexpired Advance Parole document based upon this Form I-485 is terminated as of the date of this notice pursuant to 8 CFR 212.5(e)(2)(i). Any unexpired Employment Authorization document and/or Advance Parole document based upon this Form I-485 should be returned to the local USCIS office.



The evidence of record shows that, when you filed your application, you were present in the United States contrary to law.

You are not authorized to remain in the United States. If you do not intend to file a motion or appeal on this decision and fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9)(B) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

There is no appeal from this decision. You may file a motion to reopen or reconsider. Your motion to reopen or reconsider must be filed on Form I-290B, Notice of Appeal or Motion, within 30 days of the date of this notice (33 days if this notice is received by mail). To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov. For questions about your application, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting uscis.gov/contact center.

Sincerely,

*JRobinson*

Terri A. Robinson
Director
Officer: OA0316

