September 26, 2023

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
P.O. Box 82521
Lincoln, NE 68501-2521



**U.S. Citizenship and Immigration Services**

HAROUTIOUN SAHAC BASTAJIAN
c/o HAROUTIOUN BASTAJIAN
5 MILLRACE CT
DEARBORN, MI 48126



LIN2290191683



A240-937-942

RE: HAROUTIOUN SAHAC BASTAJIAN
I-140, Immigrant Petition for Alien Worker

## DECISION

Reference is made to this Form I-140, Immigrant Petition for Alien Worker, which you filed on April 18, 2022. You seek to classify yourself as an employment-based immigrant in accordance with Section 203(b)(1)(A) of the Immigration and Nationality Act (INA). After consideration, it is the decision of U.S. Citizenship and Immigration Services (USCIS) to deny your Form I-140 petition.

You intend to work as a skilled technical artist in the field of mosque decoration.

INA Section 203(b)(1)(A) defines an "alien with extraordinary ability" in the following terms:

- An alien is described in this subparagraph if -

  (i) the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation,

  (ii) the alien seeks to enter the United States to continue work in the area of extraordinary ability, and

  (iii) the alien's entry into the United States will substantially benefit prospectively the United States.

The regulation at 8 C.F.R. § 204.5(h)(2) defines "extraordinary ability" as "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor."

USCIS and the legacy Immigration and Naturalization Service (INS) have consistently recognized that Congress intended to set a very high standard for individuals seeking immigrant visas in the extraordinary ability classification. *See* 56 Federal Register 60897, 69898-99 (Nov. 29, 1991).

Additionally, 8 C.F.R. § 204.5(h)(3) indicates that an individual can establish sustained national or international acclaim through evidence of a one-time achievement (that is, a major, internationally recognized award). Barring the individual's receipt of such an award, the regulation outlines 10

criteria, at least three of which must be satisfied for an individual to establish the sustained acclaim necessary to qualify as an individual of extraordinary ability. The criteria are outlined below.

> (i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor.
>
> (ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields.
>
> (iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation.
>
> (iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specialization for which classification is sought.
>
> (v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field.
>
> (vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media.
>
> (vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases.
>
> (viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation.
>
> (ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field.
>
> (x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

The regulation at 8 C.F.R. § 204.5(h)(4) states, "If the above standards do not readily apply to the beneficiary's occupation, the petitioner may submit comparable evidence to establish the beneficiary's eligibility."

In reviewing this petition, USCIS will first consider the evidence in relation to the plain language of the above criteria. If you received a one-time achievement (a major, internationally recognized award) or meet at least three criteria, USCIS will then consider the evidence in the context of a final merits determination. However, the fact that you meet the minimum requirement of providing required initial evidence does not, in itself, establish that you are one of the small percentage who have risen to the very top of the field of endeavor and that you have sustained national or international acclaim in the field. See *Kazarian v. USCIS*, 2010 WL 725317 (9th Cir. March 4, 2010).

On January 13, 2023, USCIS issued a request for evidence (RFE), seeking further documentation of your extraordinary ability. Your response was received on June 6, 2023 and is incorporated into the record.

## I. Analysis of Criteria



The evidence does not show that you received a major, internationally recognized prize or award. As a result, the evidence must demonstrate that you have fulfilled at least three of the 10 criteria listed in the regulations. USCIS will analyze the evidence that was submitted under each criterion below. (Note: you do not claim that you meet the regulatory criteria not discussed in this decision.)

We have determined that you provided documentation but fail to establish eligibility for the following regulatory criteria:

> *(iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation.*

In order for published material to meet 8 C.F.R. § 204.5(h)(3)(iii), it must be primarily about you and relate to your work in the field, including a substantial discussion of the person's work in the field, and, as stated in the regulation, be published "in professional or major trade publications or other major media" and "shall include the title, date, and author of the material, and any necessary translation." To qualify as major media, the publication should have significant national or international distribution with circulation (online or in print) or viewership high compared with other statistics. As such, you would not earn acclaim at the national level from a local publication or website with low viewership.

You provided articles from *Dearborn Press & Guide, Faith and Form, Your Community Voice*, et al. However, you have not provided evidence that these publications are considered professional or major trade publications or other major media.

You also provided a transcript of a brief television interview at MBC Studios for the show *Talk of the Town*. Though you provided evidence about the network, you did not provide evidence about the program regarding viewership and if the show was broadcast locally, regionally, nationally, or internationally.

*Accordingly, the evidence does not meet the plain language of this criterion.*

> *(vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases.*

The plain language of the regulation at 8 C.F.R. § 204.5(h)(3)(vii) requires "[e]vidence of the display of the alien's work in the field at artistic exhibitions or showcases."

In support of this criterion, you submitted letters of support and pictures claiming that your work is on display at the Arab American National Museum (AANM). After a review of the evidence, we conclude that your work (though technical and intricate) serves as decoration for the museum and not as a displayed work of art. As such, we find that your work is not displayed in a manner consistent with, and for the purpose of, "artistic exhibitions or showcases."

*Accordingly, the evidence does not meet the plain language of this criterion.*

> *(viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation.*

For a leading role, we look at whether the evidence establishes that the person is, or was, a leader within the organization or establishment or a division or department thereof. For a critical role, we look at whether the evidence establishes that the person has contributed in a way that is of significant importance to the outcome of the organization or establishment's activities or those of a division or department of the organization or establishment. *6 USCIS Policy Manual F.2 appendix, https://www.uscis.gov/policymanual.*

In support of this criterion, you submitted certificates, contract information, etc. You also submitted letters of reference/experience from Dr. Nassib Fawaz (president of the Lebanese International Business Council), Ron Amen (former chairman at Islamic Center of America), Dr. Ghaus M. Malik (co-founder at Islamic Association of Greater Detroit), Dr. Walid Harb (Chairman at The Islamic Center of America), Dr. Hashim Al-Tawil (Professor at Henry Ford College), et al. who primarily describe your past works and accomplishments in the field of mosque decoration and your work with calligraphy, etc., but do not provide detailed and probative information that specifically addresses how your role was leading or critical for their organization.

We note that none of the letters are from previous employers and therefore have no probative value for these proceedings as all the claimed work appears to be contracted work. Contracted work is not evidence of a leading or critical role for an organization or establishment. You were never an employee of the claimed organizations or establishments, you played no role in their business decisions, and you are not a part of any distinguished reputation that they may have.

Accordingly, the evidence does not meet the plain language of this criterion.

## II. Final Merits Determination

Upon review, USCIS finds that you did not receive a one-time achievement (a major, internationally recognized award) or meet at least three of the 10 criteria. Since you have not established, by a preponderance of the evidence, that you meet at least three of the antecedent evidentiary prongs, USCIS will not conduct a final merits determination to decide whether you have reached a level of expertise indicating that you are one of that small percentage who have risen to the very top of the field of endeavor and whether you have sustained acclaim.

Therefore, USCIS does not find you to be an individual of extraordinary ability.

Pursuant to Section 291 of the INA, whenever any person makes an application for an immigration benefit, he shall bear the burden of proof to establish eligibility. Accordingly, the petitioner must prove, by a preponderance of the evidence, in other words, that it is more likely than not, that the beneficiary is fully qualified for the benefit sought. *See Matter of E-M-*, 20 I. & N. Dec. 77 (BIA 1989). After a careful review and analysis of all evidence in the record, USCIS finds that you have not established eligibility for the benefit sought.

In view of the above, we have denied your petition.

If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 33 days of the date of this decision. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our National Customer Service Center at 1-800-375-5283, or visit your local USCIS office. If USCIS does not receive a properly filed appeal,



this decision will become final.

This decision does not prevent you from filing any petition or application in the future.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.ombudsman.sba.gov or phone 202-205-2417 or fax 202-481-5719.

Sincerely,

*L. Will*

L. Miller
Director
Officer: 0624